# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**FEBRUARY 2026**

For Prothonotary Use Only (Docket Number)

E-Filing Number: 2602063919

**03702**

| PLAINTIFF'S NAME<br>LAUREN BYLINA | DEFENDANT'S NAME<br>MASSIMO MOTOR SPORTS, LLC C/O REGISTERED AGENT:<br>JIANXIN SHAN |
|---|---|
| PLAINTIFF'S ADDRESS<br>85 BOESEL AVENUE<br>MANVILLE NJ 08835 | DEFENDANT'S ADDRESS<br>3101 W. MILLER ROAD<br>GARLAND TX 75041 |
| PLAINTIFF'S NAME<br>JASON BYLINA | DEFENDANT'S NAME<br>LOWE'S COMPANIES, INC. |
| PLAINTIFF'S ADDRESS<br>85 BOESEL AVENUE<br>MANVILLE NJ 08835 | DEFENDANT'S ADDRESS<br>C/O CORPORATION SERVICE CO. 2626 GLENWOOD<br>AVENUE SUITE 550<br>RALEIGH NC 27608 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOES 1-5, FICTITIOUS DEFENDANTS |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>0000<br>PHILADELPHIA PA 00000 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>FEB 26 2026<br><br>**B. BALILONIS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LAUREN BYLINA , JASON BYLINA

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BRYAN M. FERRIS | ADDRESS<br>547 E. WASHINGTON AVE.<br>NEWTOWN PA 18940 |
|---|---|
| PHONE NUMBER<br>(215)550-6553 | FAX NUMBER<br>(215)550-6557 | |
| SUPREME COURT IDENTIFICATION NO.<br>93105 | E-MAIL ADDRESS<br>bferris@swartzculleton.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*BRYAN FERRIS* | DATE SUBMITTED<br>Thursday, February 26, 2026, 07:33 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SWARTZ CULLETON FERRIS** TRIAL LAWYERS
By: Bryan M. Ferris, Esquire
Identification No. 93105
bferris@swartzculleton.com
By: Tanner J. Bowes, Esquire
Identification No. 337882
tbowes@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557



Attorneys for Plaintiffs, Lauren Bylina and Jason Bylina

Filed and Attested by the Office of Judicial Records Balilo... pm

| | |
|---|---|
| LAUREN BYLINA and JASON BYLINA, w/h 85 Boesel Avenue Manville, NJ 08835 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| *Plaintiffs* | _____ TERM, 2026 |
| | NO. |
| vs. | |
| MASSIMO MOTOR SPORTS, LLC c/o Registered Agent: Jianxin Shan 3101 W. Miller Road Garland, TX 75041 -and- LOWE'S COMPANIES, INC. c/o Corporation Service Company 2626 Glenwood Avenue, Suite 550 Raleigh, NC 27608 -and- JOHN DOES 1-5, FICTITIOUS DEFENDANTS | |
| | **JURY TRIAL DEMANDED** |
| *Defendants* | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder

1

Case ID: 260203702

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
1101 Market Street #11
Philadelphia, PA 19107
Tel: 215-238-6300

dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE
FILADELPHIA COUNTY
SERVICO DE REFERENCIA E INFORMACION
LEGAL
1101 Market Street #11
Philadelphia, PA 19107
Tel: 215-238-6300

2

SWARTZ CULLETON FERRIS TRIAL LAWYERS
By: Bryan M. Ferris, Esquire
Identification No. 93105
bferris@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiffs,
Lauren Bylina and
Jason Bylina, w/h

| | |
|---|---|
| LAUREN BYLINA and<br>JASON BYLINA, w/h<br>85 Boesel Avenue<br>Manville, NJ 08835<br>    *Plaintiffs*<br><br>  vs.<br><br>MASSIMO MOTOR SPORTS, LLC<br>c/o Registered Agent: Jianxin Shan<br>3101 W. Miller Road<br>Garland, TX 75041<br>  -and-<br>LOWE'S COMPANIES, INC.<br>c/o Corporation Service Company<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608<br>  -and-<br>JOHN DOES 1-5, FICTITIOUS<br>DEFENDANTS<br>    *Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ TERM, 2026<br><br>NO.<br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1. Plaintiffs, Lauren Bylina and Jason Bylina, w/h, are adult individuals and citizens of the State of New Jersey, residing therein at the above-captioned address.

2. Defendant, Massimo Motor Sports, LLC, was and is now a business entity, believed to be a limited liability company, duly organized and existing under the laws of the State of Texas, with a principal place of business located at 3101 W. Miller Road, Garland, TX 75041, and a registered agent for service of process, Jianxin Shan, located at the same address.

3

3. Defendant, Lowe's Companies, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of North Carolina, with a principal place of business and headquarters located at 1000 Lowe's Boulevard, Mooresville, NC 28117, and a registered agent for service of process, Corporation Service Company, located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

4. Defendants, John Does 1-5, Fictitious Defendant(s), upon information and belief, are fictitious defendants whose actual identities are unknown despite Plaintiffs conducting a reasonable search with due diligence pursuant to Pa. R. Civ. P. 2005 for the actual identity(ies) of the individual(s), corporation(s), and/or entities who designed, manufactured, assembled and/or installed, supplied, distributed, marketed, sold, inspected, and/or otherwise had responsibility for the subject Massimo MB200S Gasoline Chain Drive Mini Bike (Serial No. Y180200319) and/or any component parts involved in Plaintiff's incident (including, but not limited to, the engine, drive shaft, flywheel, flywheel magnets, charging coil (coil winding), coil mounting posts, mounting bolts and/or fasteners, and related engine housing components), and all component parts thereto, and who may be responsible for the incident described herein and the injuries suffered by Plaintiff, Lauren Bylina.

5. Venue is proper in Philadelphia County because one or more of the Defendants regularly and continuously conduct business in Philadelphia County.

6. At all times relevant hereto, Defendants acted by and through their agents, servants, employees, workmen, and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency, and/or service for the same and under the direct control of the Defendants.

4

7.    At all times relevant hereto, Defendants, by and through their employees, agents, servants, workmen, and/or other representatives, were regularly engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, assembling and/or installing, testing, inspecting, licensing, packaging, labeling and/or providing safety recommendations for products such as the subject Massimo MB200S Gasoline Chain Drive Mini Bike, and their component parts, including the engine, flywheel, charging coil, and all instruction manuals and associated warnings.

8.    At all times relevant hereto, Defendants designed, distributed, assembled and/or installed, licensed, marketed, manufactured, apparently manufactured, and/or sold the subject Massimo MB200S Gasoline Chain Drive Mini Bike (Serial No. Y180200319), and the component parts thereto, including all associated instruction manuals and warnings. (See Photograph of Subject Massimo MB200S Gasoline Chain Drive Mini Bike, attached hereto as Exhibit A.)

9.    On or about September 1, 2024, Plaintiff, Lauren Bylina, was operating the subject Massimo MB200S Gasoline Chain Drive Mini Bike (Serial No. Y180200319), which she had recently purchased at a Lowe's store and was using for the first time, in Lincoln Park, Manville, New Jersey, when, suddenly and without warning, and as a direct result of the defective and/or dangerous condition of the engine assembly, specifically a charging coil that broke away from the engine housing and became lodged in and/or wedged against the spinning flywheel, causing an abrupt stoppage of drive shaft rotation and an abrupt rear wheel stoppage, thereby causing Plaintiff to be thrown from the mini bike onto the grass at approximately twenty miles per hour, and causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

5

10. The subject Massimo MB200S Gasoline Chain Drive Mini Bike was designed, manufactured, assembled and/or installed, tested, inspected, marketed, sold, and/or distributed by the Defendants. Prior to the time of Plaintiff's accident, the subject mini bike was purchased new and was in the same condition at the time of Plaintiff's accident as it was when it left Defendants' hands, undergoing no subsequent alterations or modifications.

## COUNT I
### LAUREN BYLINA v. MASSIMO MOTOR SPORTS, LLC
### PRODUCTS LIABILITY – STRICT LIABILITY

11. Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though same were fully set forth at length herein.

12. Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 328 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

13. Defendant Massimo Motor Sports, LLC designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforementioned Massimo MB200S Gasoline Chain Drive Mini Bike, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

6

Case ID: 260203702

14. The accident described herein was caused solely and exclusively by Defendant's defective design, assembly and/or installation, manufacture, apparent manufacture, licensing, marketing, and/or sale of the aforesaid product and its component parts.

15. Defendant Massimo Motor Sports, LLC is strictly liable to Plaintiff as follows:

(a) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject mini bike and its component parts with a fundamentally unsafe engine assembly, including a charging coil and flywheel design and/or mounting/attachment that allowed the charging coil to break away and become lodged in and/or wedged against the flywheel, causing the drive shaft to abruptly stop rotating and the rear wheel to abruptly stop, even though safer and feasible alternative designs existed, which would have prevented the sudden stoppage and Plaintiff's injuries;

(c) failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

(d) failing to properly equip the subject mini bike and its component parts with durable and reliable parts, such as a properly secured charging coil and flywheel assembly, to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage during use, thereby causing the accident that led to Plaintiff's injuries;

(e) failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(f) failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its

7

component parts to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage in the normal, reasonable, and ordinary use of the product;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to ensure that the subject mini bike was safe and free from hidden defects, including latent defects within the engine assembly not discoverable by the user prior to operation;

(i) failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject mini bike, including failing to ensure that the charging coil was properly secured to the engine housing and that its mounting bolts and/or fasteners were properly installed and properly tightened, and would not loosen and/or back out during normal operation;

(j) failing to ensure that the subject mini bike and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

(k) failing to warn purchasers and end users of the dangers of the subject product;

(l) failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject product, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

(m) vicarious liability as an apparent manufacturer of the subject mini bike pursuant to the Restatement (Second) of Torts § 400; and

(n) any other acts or omissions that may be revealed during discovery and/or trial of this case.

16.     The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

17.     At all times relevant hereto, Defendant's aforesaid product and its component parts were defective and unsafe for consumer use.

8

18. At all times relevant hereto, there were latent defects in the Defendant's aforesaid product and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

19. The Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforesaid product and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

20. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

21. In addition, Defendant designed, manufactured, apparently manufactured, distributed, and sold the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts with inadequate warnings and instructions.

22. In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid product and its component parts, such as the Plaintiff.

23. The defective warnings and instructions caused Plaintiff's injuries.

24. Furthermore, Defendant is liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject product pursuant to the Restatement (Second) of Torts §400.

25. In that regard, the subject product involved in Plaintiff's accident was packaged, embossed, affixed and/or otherwise labeled with Defendant's name and/or trademark.

9

Case ID: 260203702

26.    Defendant labeled the subject product and/or allowed the subject product to be labeled and sold with its name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product.

27.    As such, Defendant could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendant's name and Defendant put out the subject product as its own product.

28.    Defendant is therefore subject to the same liability as though it was the actual manufacturer of the subject product pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts §400 and is vicariously liable for causing Plaintiff's injuries and damages.

29.    As a result of the aforementioned conduct of the Defendant, Plaintiff has suffered severe and permanent injuries, including but not limited to: compression fracture of T9 vertebra; closed fracture of right occipital bone; thoracic kyphosis; closed fractures of multiple left ribs (4th to 8th); trace left hemopneumothorax; trace right pneumothorax; pneumoperitoneum; possible bowel injury indicated by sigmoid colon thickening; pulmonary hemorrhage/contusion adjacent to left rib fractures; right paracentral disc protrusion at C4-C5; thoracic spine pain; rib and left shoulder pain; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

30.    As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

10

Case ID: 260203702

31. As a result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

32. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

33. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

34. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

35. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

36. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendant, Massimo Motor Sports, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

11

## COUNT II
### LAUREN BYLINA v. MASSIMO MOTOR SPORTS, LLC
### PRODUCTS LIABILITY – NEGLIGENCE

37.     Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

38.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the aforesaid product and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

39.     The Defendant was negligent in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the defectively designed and manufactured product and its component parts, which consisted of the following:

(a) carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject mini bike and its component parts with a fundamentally unsafe engine assembly, including a charging coil and flywheel design and/or mounting/attachment that allowed the charging coil to break away and become lodged in and/or wedged against the flywheel, causing the drive shaft to abruptly stop rotating and the rear wheel to abruptly stop, even though safer and feasible alternative designs existed, which would have prevented the sudden stoppage and Plaintiff's injuries;

12

Case ID: 260203702

(c) carelessly and negligently failing to implement a safe system for ensuring the subject mini bike and its component parts could be used safely by ordinary consumers of the product, such as the Plaintiff;

(d) carelessly and negligently failing to recognize the inherent possibility that the subject mini bike and its component parts could malfunction and/or fail, including failure of internal engine components resulting in sudden stoppage of drive shaft rotation during ordinary operation;

(e) carelessly and negligently failing to properly equip the subject mini bike and its component parts with proper safety equipment and/or mechanisms, such as an adequately secured charging coil and reinforced flywheel components, to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage during use, thereby causing the accident described above, which caused Plaintiff's injuries;

(f) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product, including warnings regarding sudden stoppage of drive shaft rotation and abrupt stoppage caused by internal engine component failure;

(g) failing to exercise the requisite degree of care and caution in design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly and/or installation, testing, inspection, licensing and/or providing safety recommendations for the subject mini bike and its component parts;

(h) failing to ensure that the subject mini bike and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(i) failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage in the normal, reasonable and ordinary use of the product;

(j) failing to warn purchasers and end users of the dangers of the subject mini bike and its component parts, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation and abrupt stoppage during operation;

(k) failing to properly and adequately test the subject mini bike and its component parts, including testing and quality control measures sufficient to ensure the charging coil and its mounting hardware were properly installed and properly

13

Case ID: 260203702

tightened and secured so that they would not loosen and/or back out during ordinary operation;

(l) failing to properly and adequately inspect the subject mini bike and its component parts prior to listing it for sale online or in stores, including inspection and quality control sufficient to ensure internal engine components, including the charging coil and its mounting hardware, were properly installed and properly tightened and secured so that they would not loosen and/or back out during ordinary operation;

(m) failing to recall or otherwise remove from retail the subject mini bike because of its defective and dangerous condition prior to Plaintiff's accident;

(n) failing to ensure that the subject mini bike and its component parts were safe and free from hidden defects, including latent defects within the engine assembly not discoverable by the user prior to operation;

(o) failing to identify and correct dangerous and defective conditions in the subject mini bike and its component parts, including dangerous and defective conditions within the engine assembly that could cause charging coil detachment, becoming lodged in and/or wedged against the flywheel, and sudden stoppage of drive shaft rotation;

(p) failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject mini bike, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

(q) embossing, affixing and/or otherwise labeling the subject mini bike and its component parts with Defendant's name and/or trademark;

(r) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(s) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as promoting the public's use of the product;

14

Case ID: 260203702

(t) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or promoted and/or marketed and/or sold with Defendant's name and/or trademark which caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(u) vicarious liability as an apparent manufacturer of the subject mini bike pursuant to the Restatement (Second) of Torts Section 400;

(v) otherwise failing to use due care and caution under the circumstances; and

(w) such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

40. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

41. As a result of the aforementioned negligence of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-nine (29) through thirty-six (36) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendant, Massimo Motor Sports, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
### LAUREN BYLINA v. MASSIMO MOTOR SPORTS, LLC
### BREACH OF WARRANTY

42. Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

43. By virtue of the design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject mini bike and its component parts for use by an end

15

consumer, Defendant warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

44. The subject mini bike, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed and licensed. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

45. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject product was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

46. As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-nine (29) through thirty-six (36) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendant, Massimo Motor Sports, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IV
## LAUREN BYLINA v. LOWE'S COMPANIES, INC.
### PRODUCTS LIABILITY – STRICT LIABILITY

47. Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though same were fully set forth at length herein.

48. Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided

16

safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 328 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

49.     Defendant Lowe's Companies, Inc. designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforementioned mini bike, including all instruction manuals and associated warnings, and by packaging, labeling, and directly fulfilling the product under its own name, which caused Plaintiff's accident and injuries.

50.     The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, marketing, and/or sale of the aforesaid product and its component parts.

51.     Defendant Lowe's Companies, Inc. is strictly liable to Plaintiff as follows:

    (a) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

    (b) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject mini bike and its component parts with a fundamentally unsafe engine assembly, including a charging coil and flywheel design and/or mounting/attachment that allowed the charging coil to break away and become lodged in and/or wedged

17

against the flywheel, causing the drive shaft to abruptly stop rotating and the rear wheel to abruptly stop, even though safer and feasible alternative designs existed, which would have prevented the sudden stoppage and Plaintiff's injuries;

(c) failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

(d) failing to properly equip the subject mini bike and its component parts with durable and reliable parts, such as a properly secured charging coil and flywheel assembly, to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage during use, thereby causing the accident that led to Plaintiff's injuries;

(e) failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(f) failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage in the normal, reasonable, and ordinary use of the product;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to ensure that the subject mini bike was safe and free from hidden defects, including latent defects within the engine assembly not discoverable by the user prior to operation;

(i) failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject mini bike, including failing to ensure that the charging coil was properly secured to the engine housing and that its mounting bolts and/or fasteners were properly installed and properly tightened, and would not loosen and/or back out during normal operation;

(j) failing to ensure that the subject mini bike and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

18

Case ID: 260203702

(k) failing to warn purchasers and end users of the dangers of the subject product;

(l) failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject product, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

(m) vicarious liability as an apparent manufacturer of the subject mini bike pursuant to the Restatement (Second) of Torts § 400; and

(n) any other acts or omissions that may be revealed during discovery and/or trial of this case.

52.    The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

53.    At all times relevant hereto, Defendant's aforesaid product and its component parts were defective and unsafe for consumer use.

54.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid product and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

55.    The Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforesaid product and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

56.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

19

57.    In addition, Defendant designed, manufactured, apparently manufactured, distributed, and sold the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts with inadequate warnings and instructions.

58.    In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid product and its component parts, such as the Plaintiff.

59.    The defective warnings and instructions caused Plaintiff's injuries.

60.    Furthermore, Defendant is liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject product pursuant to the Restatement (Second) of Torts §400.

61.    In that regard, the subject product involved in Plaintiff's accident was packaged, embossed, affixed and/or otherwise labeled with Defendant's name and/or trademark.

62.    Defendant labeled the subject product and/or allowed the subject product to be labeled and sold with its name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product.

63.    As such, Defendant could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendant's name and Defendant put out the subject product as its own product.

64.    Defendant is therefore subject to the same liability as though it was the actual manufacturer of the subject product pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts §400 and is vicariously liable for causing Plaintiff's injuries and damages.

65.    As a result of the aforementioned conduct of the Defendant, Plaintiff has suffered severe and permanent injuries, including but not limited to: compression fracture of T9 vertebra;

20

closed fracture of right occipital bone; thoracic kyphosis; closed fractures of multiple left ribs (4th to 8th); trace left hemopneumothorax; trace right pneumothorax; pneumoperitoneum; possible bowel injury indicated by sigmoid colon thickening; pulmonary hemorrhage/contusion adjacent to left rib fractures; right paracentral disc protrusion at C4-C5; thoracic spine pain; rib and left shoulder pain; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

66.    As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

67.    As a result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

68.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

69.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

70.    As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21

Case ID: 260203702

71. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

72. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendant, Lowe's Companies, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT V
## LAUREN BYLINA v. LOWE'S COMPANIES, INC.
### PRODUCTS LIABILITY – NEGLIGENCE

73. Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

74. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the aforesaid product and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

75. The Defendant was negligent in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the defectively designed and manufactured product and its component parts, which consisted of the following:

> (a) carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or

22

Case ID: 260203702

installing, testing, inspecting, licensing and/or providing safety recommendations for the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject mini bike and its component parts with a fundamentally unsafe engine assembly, including a charging coil and flywheel design and/or mounting/attachment that allowed the charging coil to break away and become lodged in and/or wedged against the flywheel, causing the drive shaft to abruptly stop rotating and the rear wheel to abruptly stop, even though safer and feasible alternative designs existed, which would have prevented the sudden stoppage and Plaintiff's injuries;

(c) carelessly and negligently failing to implement a safe system for ensuring the subject mini bike and its component parts could be used safely by ordinary consumers of the product, such as the Plaintiff;

(d) carelessly and negligently failing to recognize the inherent possibility that the subject mini bike and its component parts could malfunction and/or fail, including failure of internal engine components resulting in sudden stoppage of drive shaft rotation during ordinary operation;

(e) carelessly and negligently failing to properly equip the subject mini bike and its component parts with proper safety equipment and/or mechanisms, such as an adequately secured charging coil and reinforced flywheel components, to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage during use, thereby causing the accident described above, which caused Plaintiff's injuries;

(f) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product, including warnings regarding sudden stoppage of drive shaft rotation and abrupt stoppage caused by internal engine component failure;

(g) failing to exercise the requisite degree of care and caution in design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly and/or installation, testing, inspection, licensing and/or providing safety recommendations for the subject mini bike and its component parts;

(h) failing to ensure that the subject mini bike and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

23

Case ID: 260203702

(i) failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage in the normal, reasonable and ordinary use of the product;

(j) failing to warn purchasers and end users of the dangers of the subject mini bike and its component parts, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation and abrupt stoppage during operation;

(k) failing to properly and adequately test the subject mini bike and its component parts, including testing and quality control measures sufficient to ensure the charging coil and its mounting hardware were properly installed and properly tightened and secured so that they would not loosen and/or back out during ordinary operation;

(l) failing to properly and adequately inspect the subject mini bike and its component parts prior to listing it for sale online or in stores, including inspection and quality control sufficient to ensure internal engine components, including the charging coil and its mounting hardware, were properly installed and properly tightened and secured so that they would not loosen and/or back out during ordinary operation;

(m) failing to recall or otherwise remove from retail the subject mini bike because of its defective and dangerous condition prior to Plaintiff's accident;

(n) failing to ensure that the subject mini bike and its component parts were safe and free from hidden defects, including latent defects within the engine assembly not discoverable by the user prior to operation;

(o) failing to identify and correct dangerous and defective conditions in the subject mini bike and its component parts, including dangerous and defective conditions within the engine assembly that could cause charging coil detachment, becoming lodged in and/or wedged against the flywheel, and sudden stoppage of drive shaft rotation;

(p) failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject mini bike, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

24

(q) embossing, affixing and/or otherwise labeling the subject mini bike and its component parts with Defendant's name and/or trademark;

(r) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(s) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as promoting the public's use of the product;

(t) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or promoted and/or marketed and/or sold with Defendant's name and/or trademark which caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(u) vicarious liability as an apparent manufacturer of the subject mini bike pursuant to the Restatement (Second) of Torts Section 400;

(v) otherwise failing to use due care and caution under the circumstances; and

(w) such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

76.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

77.    As a result of the aforementioned negligence of the Defendant, the Plaintiff suffered the injuries described in paragraphs sixty-five (65) through seventy-two (72) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendant, Lowe's Companies, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

25

Case ID: 260203702

## COUNT VI
## LAUREN BYLINA v. LOWE'S COMPANIES, INC.
### BREACH OF WARRANTY

78.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

79.    By virtue of the design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject mini bike and its component parts for use by an end consumer, Defendant warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

80.    The subject mini bike, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed and licensed. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

81.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject product was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

82.    As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs sixty-five (65) through seventy-two (72) herein, which are incorporated by reference as though fully set forth at length.

26

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendant, Lowe's Companies, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VII
### LAUREN BYLINA v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)
### PRODUCTS LIABILITY – STRICT LIABILITY

83. Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though same were fully set forth at length herein.

84. Defendants designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 328 (Pa. 2014). More specifically, Defendants designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendants' defective product outweighs the burden or costs of taking precautions.

85. Defendants, John Does 1-5, Fictitious Defendant(s), designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforementioned mini bike, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

27

86.    The accident described herein was caused solely and exclusively by Defendants' defective design, assembly and/or installation, manufacture, apparent manufacture, licensing, marketing, and/or sale of the aforesaid product and its component parts.

87.    Defendants, John Does 1-5, Fictitious Defendant(s) are strictly liable to Plaintiff as follows:

    (a) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

    (b) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject mini bike and its component parts with a fundamentally unsafe engine assembly, including a charging coil and flywheel design and/or mounting/attachment that allowed the charging coil to break away and become lodged in and/or wedged against the flywheel, causing the drive shaft to abruptly stop rotating and the rear wheel to abruptly stop, even though safer and feasible alternative designs existed, which would have prevented the sudden stoppage and Plaintiff's injuries;

    (c) failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

    (d) failing to properly equip the subject mini bike and its component parts with durable and reliable parts, such as a properly secured charging coil and flywheel assembly, to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage during use, thereby causing the accident that led to Plaintiff's injuries;

    (e) failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

28

Case ID: 260203702

(f) failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage in the normal, reasonable, and ordinary use of the product;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of their product;

(h) failing to ensure that the subject mini bike was safe and free from hidden defects, including latent defects within the engine assembly not discoverable by the user prior to operation;

(i) failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject mini bike, including failing to ensure that the charging coil was properly secured to the engine housing and that its mounting bolts and/or fasteners were properly installed and properly tightened, and would not loosen and/or back out during normal operation;

(j) failing to ensure that the subject mini bike and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

(k) failing to warn purchasers and end users of the dangers of the subject product;

(l) failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject product, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation, which was or should have been known to Defendants prior to the date of Plaintiff's accident;

(m) vicarious liability as an apparent manufacturer of the subject mini bike pursuant to the Restatement (Second) of Torts § 400; and

(n) any other acts or omissions that may be revealed during discovery and/or trial of this case.

88.    The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

29

89. At all times relevant hereto, Defendants' aforesaid product and its component parts were defective and unsafe for consumer use.

90. At all times relevant hereto, there were latent defects in the Defendants' aforesaid product and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

91. The Defendants designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled and/or installed, tested, inspected, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforesaid product and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

92. Defendants are strictly liable to Plaintiff as a result of the defective condition of Defendants' product.

93. In addition, Defendants designed, manufactured, apparently manufactured, distributed, and sold the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts with inadequate warnings and instructions.

94. In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid product and its component parts, such as the Plaintiff.

95. The defective warnings and instructions caused Plaintiff's injuries.

96. Furthermore, Defendants are liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject product pursuant to the Restatement (Second) of Torts §400.

97. In that regard, the subject product involved in Plaintiff's accident was packaged, embossed, affixed and/or otherwise labeled with Defendants' name and/or trademark.

30

98.    Defendants labeled the subject product and/or allowed the subject product to be labeled and sold with their name and/or trademark which readily identified Defendants as the apparent and/or actual manufacturer of the product.

99.    As such, Defendants could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendants' name and Defendants put out the subject product as their own product.

100.    Defendants are therefore subject to the same liability as though they were the actual manufacturer of the subject product pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts §400 and are vicariously liable for causing Plaintiff's injuries and damages.

101.    As a result of the aforementioned conduct of the Defendants, Plaintiff has suffered severe and permanent injuries, including but not limited to: compression fracture of T9 vertebra; closed fracture of right occipital bone; thoracic kyphosis; closed fractures of multiple left ribs (4th to 8th); trace left hemopneumothorax; trace right pneumothorax; pneumoperitoneum; possible bowel injury indicated by sigmoid colon thickening; pulmonary hemorrhage/contusion adjacent to left rib fractures; right paracentral disc protrusion at C4-C5; thoracic spine pain; rib and left shoulder pain; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

102.    As a result of the aforesaid conduct of the Defendants, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

31

103.   As a result of the aforesaid conduct of the Defendants, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

104.   As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

105.   Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

106.   As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

107.   As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

108.   As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendants, John Does 1-5, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

32

## COUNT VIII
## LAUREN BYLINA v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)
## PRODUCTS LIABILITY – NEGLIGENCE

109.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

110.    At all times material hereto, Defendants owed a duty to end users of their product, such as the Plaintiff, to exercise reasonable care in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the aforesaid product and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

111.    The Defendants were negligent in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the defectively designed and manufactured product and its component parts, which consisted of the following:

(a) carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject Massimo MB200S Gasoline Chain Drive Mini Bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling and/or installing, testing, inspecting, licensing and/or providing safety recommendations for the subject mini bike and its component parts with a fundamentally unsafe engine assembly, including a charging coil and flywheel design and/or mounting/attachment that allowed the charging coil to break away and become lodged in and/or wedged against the flywheel, causing the drive shaft to abruptly stop rotating and the rear wheel to abruptly stop, even

33

Case ID: 260203702

though safer and feasible alternative designs existed, which would have prevented the sudden stoppage and Plaintiff's injuries;

(c) carelessly and negligently failing to implement a safe system for ensuring the subject mini bike and its component parts could be used safely by ordinary consumers of the product, such as the Plaintiff;

(d) carelessly and negligently failing to recognize the inherent possibility that the subject mini bike and its component parts could malfunction and/or fail, including failure of internal engine components resulting in sudden stoppage of drive shaft rotation during ordinary operation;

(e) carelessly and negligently failing to properly equip the subject mini bike and its component parts with proper safety equipment and/or mechanisms, such as an adequately secured charging coil and reinforced flywheel components, to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage during use, thereby causing the accident described above, which caused Plaintiff's injuries;

(f) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of their product, including warnings regarding sudden stoppage of drive shaft rotation and abrupt stoppage caused by internal engine component failure;

(g) failing to exercise the requisite degree of care and caution in design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly and/or installation, testing, inspection, licensing and/or providing safety recommendations for the subject mini bike and its component parts;

(h) failing to ensure that the subject mini bike and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(i) failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble and/or install, test, inspect, license and/or provide safety recommendations for the subject mini bike and its component parts to prevent sudden stoppage of drive shaft rotation and abrupt rear wheel stoppage in the normal, reasonable and ordinary use of the product;

(j) failing to warn purchasers and end users of the dangers of the subject mini bike and its component parts, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation and abrupt stoppage during operation;

34

Case ID: 260203702

(k) failing to properly and adequately test the subject mini bike and its component parts, including testing and quality control measures sufficient to ensure the charging coil and its mounting hardware were properly installed and properly tightened and secured so that they would not loosen and/or back out during ordinary operation;

(l) failing to properly and adequately inspect the subject mini bike and its component parts prior to listing it for sale online or in stores, including inspection and quality control sufficient to ensure internal engine components, including the charging coil and its mounting hardware, were properly installed and properly tightened and secured so that they would not loosen and/or back out during ordinary operation;

(m) failing to recall or otherwise remove from retail the subject mini bike because of its defective and dangerous condition prior to Plaintiff's accident;

(n) failing to ensure that the subject mini bike and its component parts were safe and free from hidden defects, including latent defects within the engine assembly not discoverable by the user prior to operation;

(o) failing to identify and correct dangerous and defective conditions in the subject mini bike and its component parts, including dangerous and defective conditions within the engine assembly that could cause charging coil detachment, becoming lodged in and/or wedged against the flywheel, and sudden stoppage of drive shaft rotation;

(p) failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly and/or installation, testing, inspection, licensing and/or safety recommendations of the subject mini bike, including the risk of charging coil detachment and becoming lodged in and/or wedged against the flywheel, leading to sudden stoppage of drive shaft rotation, which was or should have been known to Defendants prior to the date of Plaintiff's accident;

(q) embossing, affixing and/or otherwise labeling the subject mini bike and its component parts with Defendants' name and/or trademark;

(r) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendants' name and/or trademark which readily identified Defendants as the apparent and/or actual manufacturer of the product;

(s) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendants' name and/or

35

trademark which readily identified Defendants as promoting the public's use of the product;

(t) allowing the subject mini bike and its component parts to be embossed, affixed and/or labeled and/or promoted and/or marketed and/or sold with Defendants' name and/or trademark which caused end users of the product, such as Plaintiff, to associate the product with Defendants' reputation;

(u) vicarious liability as an apparent manufacturer of the subject mini bike pursuant to the Restatement (Second) of Torts Section 400;

(v) otherwise failing to use due care and caution under the circumstances; and

(w) such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

112. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

113. As a result of the aforementioned negligence of the Defendants, the Plaintiff suffered the injuries described in paragraphs one hundred one (101) through one hundred eight (108) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendants, John Does 1-5, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IX
## LAUREN BYLINA v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)
## BREACH OF WARRANTY

114. Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

115. By virtue of the design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly and/or installation, testing, inspection, licensing and/or

36

Case ID: 260203702

safety recommendations of the subject mini bike and its component parts for use by an end consumer, Defendants warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

116.    The subject mini bike, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed and licensed. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

117.    As a result of the foregoing, Defendants are liable to the Plaintiff for the breach of express and/or implied warranties that the subject product was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

118.    As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs one hundred one (101) through one hundred eight (108) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lauren Bylina, demands judgment in her favor and against Defendants, John Does 1-5, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT X
### JASON BYLINA v. ALL DEFENDANTS
### LOSS OF CONSORTIUM

119.    Plaintiff hereby incorporates by reference all the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

37

120.    As a further result of the incident described herein, Plaintiff, Jason Bylina, has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff Lauren Bylina, to which he is legally entitled.

121.    As a further result of the incident described herein, Plaintiff, Jason Bylina, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered by reason of the Defendants' negligence, strict liability and/or breach of warranty, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Jason Bylina, demands judgment in his favor and against All Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims.

Respectfully submitted,

**SWARTZ CULLETON FERRIS**
**TRIAL LAWYERS**

By:    /s/ Bryan M. Ferris
Bryan M. Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
bferris@swartzculleton.com
T: (215) 550-6553
F: (215) 550-6557

*Attorneys for Plaintiffs,*
Lauren Bylina and
Jason Bylina, w/h

Date: February 26, 2026

38

Case ID: 260203702

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Case ID: 260203702



Filed and Attested by the
Office of Judicial Records
26 FEB 2026 03:53 pm
BALILO

# EXHIBIT A

39



Case ID: 260203702



March 12, 2026

**Sent via Email Only: david@massimomotor.com**

**Re:**    **Complaint :** *Lauren and Jason Bylina v. Massimo Motor Sports, LLC and Lowe's Companies, Inc.* **| Case ID 260203702 | Court of Common Pleas Philadelphia County**
**Date of Loss: September 1, 2024**

**TENDER OF DEFENSE – IMMEDIATE RESPONSE REQUIRED**

Dear Mr. David Shan:

I write on behalf of Lowe's Home Centers, LLC.  Lowe's has been sued in an action filed by Plaintiffs Lauren and Jason Bylina. A copy of the complaint is enclosed with this letter.

The Complaint alleges that the Bylinas purchased a Massimo MB200S Gasoline Chain Drive Mini Bike, Serial No. Y180200319, prior to the date of injury, which was September 1, 2024. While using the aforementioned Mini Bike for the first time, Ms. Bylina was severely injured after being thrown from the bike, due to a charging coil that broke from the engine housing, which became lodged against the spinning flywheel, and caused the drive shaft to abruptly stop. Under the terms of its contract with Lowe's, your company has an obligation to defend and indemnify Lowe's in this matter.

***Lowe's hereby tenders its defense in this matter to Massimo Motor Sports, LLC ("Massimo") under the terms of the contract.***  In keeping with the terms of the contract, Lowe's expects Massimo to assume that defense immediately.

In addition, the contract with Lowe's requires your company to have Lowe's named as an additional insured on policies of liability insurance issued to Massimo. ***We will also tender the defense of Lowe's in this matter to Massimo's insurance carrier, AXIS Surplus Insurance Company, but to the extent that the carrier fails to fully defend and indemnify Lowe's, Lowe's will look to Massimo to cover any shortfall***. If there is another carrier or insurance policy that potentially provides coverage for this loss, please advise us as soon as possible and please forward a copy of this letter to the applicable carrier(s).

Kindly have an authorized representative of Massimo execute this tender correspondence within five (5) days of receipt of this letter to indicate acceptance of tender. Please note if our tender is not accepted within five (5) business days, Lowe's may hire its own representative at Massimo's expense.

Please let us know if you require a hard copy of this letter and the enclosed Complaint be mailed to you. If so, please provide a contact and mailing address.

We look forward to your prompt response.

Sincerely,

*/s/ Gwenn Keifer*

Gwenn Keifer
North Carolina Certified Paralegal

Encl. Complaint

cc: Ashley Jiao – Arthur J. Gallagher Risk Management Services, LLC  (Ashley_Jiao@ajg.com)


**Accepted and Acknowledged by:**


_____
Signature


_____
Authorized Representative's Printed Name


_____
Title


_____
Date

| | |
|---|---|
| **From:** | Ashley Jiao |
| **Sent:** | Thu, 12 Mar 2026 19:37:36 +0000 |
| **To:** | GGB.NRCClaimAcknowledgements; GGB.NRCClaimsCenter |
| **Cc:** | Tracy Xu; Danica Zhu |
| **Subject:** | FW: Massimo Motor Sports LLC - Tender of Defense - Bylina Matter - |

IMMEDIATE RESPONSE REQUIRED (2L2H3RMFT)
**Attachments:**        Lauren Bylina - Complaint - (PA - 03.09).pdf, Tender Letter - Massimo Motor -
Bylina - 12 MAR 2026.pdf


Hi Claim team, please see attached Tender of Defense letter and report to carrier asap, client
code: MASSMOT-01.


Thanks & Regards,

**Ashley Jiao**
D: 818-594-8974
ashley_jiao@ajg.com
160 West Santa Clara Street, Suite 300
San Jose, CA 95113

*At Gallagher we are fortunate to remain open through remote work capabilities and are able to respond to
our client needs.  Please know we are here and wish everyone to stay healthy and safe during this
unprecedented time. Our Pandemic Preparedness resources for you and your business at*:
https://www.ajg.com/us/pandemic-preparedness/



Arthur J. Gallagher & Co. Insurance Brokers of CA, Inc.
Entity CA License No. 0726293 | Individual CA License No. 0726293
Communications concerning this matter, including this email and any attachments, may have been provided for purposes of insurance/risk
management consulting.  Opinions and advice provided by Gallagher are not intended to be, and should not be construed as, legal advice.
A licensed Gallagher representative must provide the appropriate insurance carrier with written instructions in order to bind insurance
coverage.  Therefore, client instructions via email are not sufficient to bind coverage unless and until you have received explicit written
confirmation from an authorized Gallagher representative.

**From:** Ashley Jiao
**Sent:** Thursday, March 12, 2026 12:35 PM
**To:** Walt Xi <walt.xi@massimomotor.com>; David Shan <david@massimomotor.com>
**Cc:** Tracy Xu <Tracy_Xu@ajg.com>; Danica Zhu <Danica_Zhu@ajg.com>
**Subject:** FW: Tender of Defense - Bylina Matter - IMMEDIATE RESPONSE REQUIRED

Hi Walt and David,

We've received the attached complaint and tender letter. We will go ahead and report the claim
to the carrier.

If you have any questions or need further clarification, please don't hesitate to reach out.

Thanks & Regards,

**Ashley Jiao**
D: 818-594-8974
ashley_jiao@ajg.com
160 West Santa Clara Street, Suite 300
San Jose, CA 95113

*At Gallagher we are fortunate to remain open through remote work capabilities and are able to respond to our client needs.  Please know we are here and wish everyone to stay healthy and safe during this unprecedented time. Our Pandemic Preparedness resources for you and your business at*: https://www.ajg.com/us/pandemic-preparedness/



Arthur J. Gallagher & Co. Insurance Brokers of CA, Inc.
Entity CA License No. 0726293 | Individual CA License No. 0726293
Communications concerning this matter, including this email and any attachments, may have been provided for purposes of insurance/risk management consulting.  Opinions and advice provided by Gallagher are not intended to be, and should not be construed as, legal advice. A licensed Gallagher representative must provide the appropriate insurance carrier with written instructions in order to bind insurance coverage.  Therefore, client instructions via email are not sufficient to bind coverage unless and until you have received explicit written confirmation from an authorized Gallagher representative.

**From:** Keifer, Gwenn <gwenn.keifer@lowes.com>
**Sent:** Thursday, March 12, 2026 6:00 AM
**To:** david@massimomotor.com; Ashley Jiao <Ashley_Jiao@ajg.com>
**Cc:** Walters, Natalie <natalie.m.walters@lowes.com>
**Subject:** Tender of Defense - Bylina Matter - IMMEDIATE RESPONSE REQUIRED

Dear Mr. David Shan:

Please review the attached Tender of Defense letter and respond to our request for tender within five (5) days.

Sincerely,

**LOWE'S**  ‖  Gwenn Keifer, NCCP
Paralegal  |  Lowe's Companies Inc.
O: 704.758.3202

NOTICE: All information in and attached to the e-mails below may be proprietary, confidential, privileged and otherwise protected from improper or erroneous disclosure. If you are not the sender's intended recipient, you are not authorized to intercept, read,

print, retain, copy, forward, or disseminate this message. If you have erroneously received this communication, please notify the sender immediately by phone (704-758-1000) or by e-mail and destroy all copies of this message electronic, paper, or otherwise. By transmitting documents via this email: Users, Customers, Suppliers and Vendors collectively acknowledge and agree the transmittal of information via email is voluntary, is offered as a convenience, and is not a secured method of communication; Not to transmit any payment information E.G. credit card, debit card, checking account, wire transfer information, passwords, or sensitive and personal information E.G. Driver's license, DOB, social security, or any other information the user wishes to remain confidential; To transmit only non-confidential information such as plans, pictures and drawings and to assume all risk and liability for and indemnify Lowe's from any claims, losses or damages that may arise from the transmittal of documents or including non-confidential information in the body of an email transmittal. Thank you. This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, please advise by return email immediately and then delete this message and all copies and backups thereof. (Disclaimer posted by 777XXX4755XCB.)